**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WALTER N. KOSCH, WALTER T. KOSCH, and THE SONNENSCHEIN GROUPE, a defacto limited liability company, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FFIC/BEAM, INCORPORATED, a Philippine corporation, FFIC/BEAM, INC. NEW JERSEY, FFIC/BEAM WASHINGTON, THE BOARD OF DIRECTIORS OF FFIC/BEAM, INCORPORATED consisting of ROBERT FIELDS, Managing Director, REYNALDO SANTOS, PRIMROSE E. AUTAJAY, RELU E. AUTAJAU, SOLEDAD O. HERNAEZ, JOSEFA T. DORAN, VICENTE A. CALIJO, STELLA V. CALIBJO, JOHN NG, PAUL D. CHAFIOTTE, EDWARD J. VILLANUEVA, ROBERT FIELDS, an individual, KARL NEUBACHERan individual, TIMOTHY SLIFKIN, an individual, ALLIED MORTGAGE GROUP, a corporation, METROPOLITAN FINANCIAL SERVICES, INC., a corporation and AARON RANSOM, an individual, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case  No. 08 cv 0750

Judge Manning

Magistrate Judge Mason |
| Defendants. | ) | |

**DEFENDANT ALLIED MORTGAGE GROUP'S**
**ANSWER AND AFFIRAMTIVE DEFENSES TO COMPLAINT**

Defendant Allied Mortgage Group, Inc., by and through its attorneys, in answer to

Plaintiffs' Complaint states as follows:

1.      This is an action brought in this court alleging causes of action under common law for breach of contract, fraudulent misrepresentation, constructive fraud, conversion, accounting, civil conspiracy, and tortuous interference with business opportunity against Defendants.

**ANSWER:**  In answer to Paragraph 1, Defendant Allied Mortgage Group admits.

2.      This is also an action in this court alleging violations under the

RACKETEERING INFLUENCE CORRUPT ORGANIZATION ACT, 18 U.S.C.S. §§ 1961-1968 ("RICO"), against Defendants.

**ANSWER:**    In answer to Paragraph 2, Defendant Allied Mortgage Group admits.

3.    Plaintiff, Walter N. Kosch, is a citizen of the County of Cook, State of Illinois.

**ANSWER:**    In answer to Paragraph 3, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

4.    Plaintiff; Walter T. Kosch, is a citizen of the County of Kane, State of Illinois.

**ANSWER:**    In answer to Paragraph 4, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

5.    Defendant, FFIC, is a corporation organized under the laws of the Republic of the Philippines with is principal place of business being 3rd Floor, EASCO Building, 2654 Leveriza Street, Malate, Manila 1000, Philippines. Defendant FFIC is a citizen of the Republic of the Philippines.

**ANSWER:**    In answer to Paragraph 5, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

6.    Defendant, FFIC New Jersey is a corporation and on information and belief FFIC New Jersey was organized under the laws of the State of New Jersey. On information and belief the principal place of business of FFIC New Jersey is 45 Park Place, Suite 265, Morris Town, New Jersey 07960. On information and belief FFIC New Jersey is a wholly owned subsidiary of FFIC. For purposes of jurisdiction FFIC/BEAM is

a citizen of the State of New Jersey.

**ANSWER:**    In answer to Paragraph 6, Defendant Allied Mortgage Group neither

admits nor denies the allegations set forth therein, for the reason that it is without

sufficient knowledge or information upon which to form a belief as to the truth thereof,

and therefore leaves Plaintiffs to their proofs.

7.    Defendant, FFIC Washington, DC is a corporation and on information and belief FFIC Washington, D.C., was organized under the laws of the District of Columbia. On information and belief the principal place of business of FFIC Washington, DC is 4000 Massachusetts Northwest, Suite 625, Washington, DC. 20003. On information and belief FFIC Washington, DC is a wholly owned subsidiary of FFIC. For purposes of jurisdiction FFIC Washington DC is a citizen of the District of Columbia.

**ANSWER:**    In answer to Paragraph 7, Defendant Allied Mortgage Group neither

admits nor denies the allegations set forth therein, for the reason that it is without

sufficient knowledge or information upon which to form a belief as to the truth thereof,

and therefore leaves Plaintiffs to their proofs

8.    Defendant, REYNALDO SANTOS is a director of FFIC and on information and belief is a citizen of the Republic of the Philippines.

**ANSWER:**    In answer to Paragraph 8, Defendant Allied Mortgage Group neither

admits nor denies the allegations set forth therein, for the reason that it is without

sufficient knowledge or information upon which to form a belief as to the truth thereof,

and therefore leaves Plaintiffs to their proofs.

9.    Defendant, PRIMROSE B. AUTAJAY is a director of FFIC and on information and belief is a citizen of the Republic of the Philippines.

**ANSWER:**    In answer to Paragraph 9, Defendant Allied Mortgage Group neither

admits nor denies the allegations set forth therein, for the reason that it is without

sufficient knowledge or information upon which to form a belief as to the truth thereof,

and therefore leaves Plaintiffs to their proofs.

10.     Defendant, PRELU E. AUTAJAU is a director of FFIC and on information and belief is a citizen of the Republic of the Philippines.

**ANSWER:**     In answer to Paragraph 10, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

11.     Defendant, SOLEDAD O. HERNAEZ is a director of FFIC and on information and belief is a citizen of the Republic of the Philippines.

**ANSWER:**     In answer to Paragraph 11, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

12.     Defendant, JOSEFA T. DORAN is a director of FFIC and on information and belief is a citizen of the Republic of the Philippines.

**ANSWER:**     In answer to Paragraph 12, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

13.     Defendant, VICENTE A. CALIJO is a director of FFIC and on information and belief is a citizen of the Republic of the Philippines.

**ANSWER:**     In answer to Paragraph 13, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

14.     Defendant, STELLA V. CALIBJO is a director of FFIC and on information and belief is a citizen of the Republic of the Philippines.

**ANSWER:** In answer to Paragraph 14, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

15.    Defendant, JOHN NG, is a director of FFIC and on information and belief is a citizen of the Republic of the Philippines.

**ANSWER:** In answer to Paragraph 15, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

16.    Defendant, PAUL D. CHAFIOTTE is a director of FFIC and on information and belief is a citizen of the State of New Jersey.

**ANSWER:** In answer to Paragraph 16, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

17.    Defendant, EDWARD J. VILLANUEVA is a director of FFIC and on information and belief is a citizen of the District of Columbia.

**ANSWER:** In answer to Paragraph 17, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

18.    Defendant, Fields, is an individual having his domicile and citizenship in Morris Town, State of New Jersey. At all times relevant to the matters alleged in this Complaint Fields was the Managing Director of FFIC.

**ANSWER:** In answer to Paragraph 18, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

19. Defendant, Neubacher, is an individual having his domicile and citizenship in the municipality of Monsee, in the Republic of Austria. At all times relevant to the matters alleged in this Complaint Neubacher was the agent and representative for certain matters between FFIC and Sonnenschein, Walter N. Kosch, Walter T. Kosch.

**ANSWER:** In answer to Paragraph 19, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

20. Defendant, Slifkin, is an individual and on information and belief is domiciled and a citizen of New Jersey and is the president of FFIC/Beam.

**ANSWER:** In answer to Paragraph 20, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

21. ALLIED MORTGAGE GROUP, Inc. on information and belief is a corporation organized under the laws of the State of Michigan and is the parent company of METROPOLITAN FINANCIAL SERVICES, INC.

**ANSWER:** In answer to Paragraph 21, Defendant Allied Mortgage Group denies the allegations set forth therein for the reason that said allegations are untrue.

22. METROPOLITAN FINANCIAL SERVICES, INC., on information and belief is a corporation organized under the laws of the State of Michigan.

**ANSWER:** In answer to Paragraph 22, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

23.    AARON RANSOM, is an individual having his domicile and citizenship in the State of Michigan and is President of Allied and Metropolitan.

**ANSWER:**    In answer to Paragraph 23, Defendant Allied Mortgage Group

denies the allegations set forth therein for the reason that said allegations are untrue.

24.    FFIC, and its agent Neubacher, hold FFIC out as organization which arranges and issues bonds and other financial instruments for purposes of raising capital for real estate acquisition, business development and other purposes of capital funding.

**ANSWER:**    In answer to Paragraph 24, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

25.    FFIC, Neubacher, Allied, Metropolitan and Ransom, hold Metropolitan and Allied out as organizations which are engaged in the mortgage banking and lending business.

**ANSWER:**    In answer to Paragraph 25, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

26.    Walter N. Kosch and Walter T. Kosch were first introduced to FFIC and Fields by Neubacher at a meeting in mid-January of 2007 where Neubacher represented to each Kosch that FFIC was arranging and issuing a bond offering for an initial public offering for an unrelated software corporation in Chicago, Illinois ("Software Company Transaction").

**ANSWER:**    In answer to Paragraph 26, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

27.    At that first meeting, Neubacher discussed his interest in acquiring certain land in Austria and developing the land into a hotel and resort with the Sonnenschein Groupe. While Walter N. Kosch and Walter T. Kosch expressed interest in the Austrian development project, they focused their continued discussions with Neubacher to the plans of the Sonnenschein Groupe to engage in acquisitions in Galena, Illinois ("Galena"), Sint Maarten, Netherland Antilles ("St. Maarten") and other real estate development projects in Costa Rica ("Costa Rica").

**ANSWER:**    In answer to Paragraph 27, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

28.    Although Neubacher was primarily interested in establishing a joint venture between FFIC, Neubacher and the Sonnenschein Groupe for purposes of the Austria development, he also represented to Walter N. Kosch and Walter T. Kosch that he knew that FFIC, Fields and their related companies were interested in providing a bond issuance, financing and capital funds for the purposes of the acquisitions of Galena, St. Maarten and Costa Rica, that Sonnenschein Groupe had under consideration.

**ANSWER:**    In answer to Paragraph 28, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

29.    Two days later Neubacher forwarded to Walter N. Kosch and Walter T. Kosch a sample engagement letter outlining the capital raising project of FFIC for Ray Allen, Inc. a Chicago area Software Company.

**ANSWER:**    In answer to Paragraph 29, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

30.     On January 30, 2007 Walter N. Kosch, Walter T. Kosch, and Neubacher met in Oakbrook Terrace, Illinois. At the meeting, the Austria development and the Galena, St. Maarten and Costa Rica acquisitions were discussed.

**ANSWER:**     In answer to Paragraph 30, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

31.     On February 8, 2007, Fields, Neubacher, Walter T. Kosch, Walter N. Kosch, and [sic] met at Oakbrook Terrace, Illinois. At the meeting the parties discussed at length the prospect of FFIC entering into a joint venture ("Joint Venture") with the Sonnenschein Groupe for the purposes of the acquisition and development of the Galena, St. Maarten and Costa Rica projects. Specifically, Fields and Neubacher represented to Walter N. Kosch, Walter T. Kosch, and [sic]:

a.     Fields was the Managing Director of FFIC;

b.     Neubacher was the agent of FFIC and Fields;

c.     FFIC was a Philippine corporation with operating offices at 3rd Floor, EASCO Building, 2654 Leveriza St. Malate, Manila, Philippines; 45 Park Place South, Suite 279, Morris Town, New Jersey, 07960; and 4000 Massachusetts Northwest, Suite 625, Washington, District of Columbia, 20003;

d.     Fields and Neubacher represented that FFIC was engaged in the business of providing and/or securing structured financing, money management, fund management, bond offerings and insurance underwriting for approximately ten (10) years;

e.     FFIC and Fields were interested in providing a bond issuance and related financing in the gross amount of 170 million dollars US for the Koschs' and the Sonnenschein Groupe to acquire and develop the Galena, St. Maarten and Costa Rica;

f.     Fields and Neubacher stated that the organizational vehicles would be a joint venture between FFIC and the Koschs' and the Sonnenschein Group with the Joint Venture being in a Luxembourg limited liability company with Koschs' and the Sonnenschein Groupe owning fifty one (51) percent of the Joint Venture entity and FFIC owning forty nine (49%) percent of the Joint Venture entity;

g.     Fields and Neubacher further represented that FFIC would form a joint venture entity company that would issue bonds for purposes of

10

the capital raise and the 170 million in USD raised from the bond offering and sale, less FFIC expenses would be transferred to the Joint Venture;

h.    Fields and Neubacher represented that FFIC and Fields would be responsible for obtaining the financing and/or capital raise and the Koschs' and the Sonnenschein Groupe would be responsible for all development, construction and operation;

i.    The Koschs' and the Sonnenschein Groupe would provide Eight Hundred Fifty Thousand and 00/100 Dollars US to FFIC for the initial costs of the bond offering;

j.    FFIC would provide Koschs' and the Sonnenschein Group with a promissory note in the amount of Eight Hundred Fifty Thousand and 00/100 Dollars US payable after the bonds are issued, along with a errors and omissions bond and a fidelity bond; and

k.    After a period of not more than five (5) years from each project completion, FFIC would sell its ownership in the Joint Venture,

**ANSWER:**    In answer to Paragraph 31 (a)-(k), Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

32.    On February 9, 2007, Neubacher e-mailed Walter N. Kosch and Walter T. Kosch listing information that FFIC and Fields needed to move forward with the business opportunities discussed. Within a reasonable period of time following Neubacher's e-mail and to the extent the requests were applicable, Walter N. Kosch, Walter T. Kosch, provided the information to Neubacher, FFIC and Field. See Exhibit A which is a copy of the February 9,2007 e-mail of Neubacher with information request attached.

**ANSWER:**    In answer to Paragraph 32, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

33.    On February 20, 2007, Neubacher e-mailed Walter N. Kosch, Walter T. Kosch and Fields with the particulars for the formation of a Luxembourg limited liability company.

**ANSWER:**    In answer to Paragraph 33, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

34.    On February 21, 2007, Walter N. Kosch and Walter T. Kosch advised Neubacher and Fields that they and the Sonnenschein Group was [sic] not interested in developing the Austrian project but was [sic] interested in pursuing the Galena, St. Maarten and Costa Rica projects with Neubacher, Fields and FFIC. See Exhibit B which is a copy of the e-mail from Neubacher to Walter N. Kosch and Walter T. Kosch.

**ANSWER:**    In answer to Paragraph 34, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

35.    On February 26, 2007, Neubacher e-mailed Walter N. Kosch and Walter T. Kosch an updated Memorandum of Understanding. See Exhibit C which is a copy of the foregoing e-mail and draft memorandum of understanding.

**ANSWER:**    In answer to Paragraph 35, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

36.    On March 2, 2007, Neubacher, Fields and Walter T. Kosch had a telephone conference discussion concerning utilizing an escrow for the contemplated transactions and later that same day, Neubacher e-mailed Kosch a diagram of the contemplated structure of the transactions. See Exhibit D which is a copy of the foregoing e-mail and diagram.

**ANSWER:**    In answer to Paragraph 36, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

37.    On March 6, 2007, Plaintiffs learned from Neubacher that in addition to the Ray Allen, Inc. transaction, and the Galena, St. Maarten and Costa Rica projects, FFIC, Fields and Neubacher were arranging additional transactions in Detroit, Michigan and in Gary, Indiana.

**ANSWER:**    In answer to Paragraph 37, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

38.    On March 26, 2007, via e-mail, Fields projected and Neubacher forwarded to the Koschs' and the Sonnenschein Groupe projected costs of acquisition of: the Costa Rica development at 27.5 million dollars US; the Sint Maarten project at 12 million dollars US and the Galena project at 11 million dollars US. These projections were based upon discussions from an earlier meeting. The same e-mails projected the following expenses:

"-$850,000 Initial offering costs returned to Walter Kosch (Lawyers, Accountants, Professional Liability Insurance, Ratings, Filings, Printings, and Underwriting)
-$400,000 x 3 Projects budget Feasibility studies
-$5,000,000 Acquisition Down payment budget for all three projects
-$1,000,000 Interest reserve on Bond Offering
-$1,000,000 Profession Fees
-$3,500,000 Initial Fee Second Bond Offering Budget"

See Exhibit E attached which is a copy of a March 26, 2007 e-mail from Neubacher to Kosch and a March 26, 2007 e-mail from Fields to Neubacher.

**ANSWER:**    In answer to Paragraph 38, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

39.    On April 3, 2007, Fields, Neubacher, Walter N. Kosch and Walter T. Kosch met in Oakbrook Terrace to discuss the contemplated Joint Venture Agreement.

**ANSWER:**    In answer to Paragraph 39, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

40.    After an additional series of conversations, e-mails and communications between Fields, Walter N. Kosch, Walter T. Kosch and Neubacher, on April 26, 2007, a Letter of Engagement was signed by Walter N. Kosch on behalf of Sonnenschein Groupe and/or its nominee, Robert A. Fields on behalf of FFIC and individually and Neubacher, individually. See Exhibit F which is a copy of the executed Letter of Engagement between the Sonnenschein Groupe and/or its nominee and FFIC and/or its nominee.

**ANSWER:**    In answer to Paragraph 40, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

41.    After an additional series of conversations, e-mails and communications between Fields, Walter N. Kosch, Walter T. Kosch and Neubacher, on May 12, 2007, a Joint Venture Agreement was signed by Walter N. Kosch on behalf of Sonnenschein Groupe and/or its nominee, Robert A. Fields on behalf of FFIC and individually and Neubacher, individually. See Exhibit G which is a copy of the executed Joint Venture Agreement between the Sonnenschein Groupe and FFIC.

**ANSWER:**    In answer to Paragraph 41, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

42.    On May 12, 2007, simultaneous to the signing of the Joint Venture Agreement, FFIC delivered a promissory note to Walter T. Kosch in the principal amount of Eight Hundred Fifty Thousand and 00/100 ($850,000.00)

**ANSWER:**    In answer to Paragraph 42, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

43.    On April 9,2007, Walter T. Kosch via e-mail to Fields and Neubacher, requested and received copies of the insurance binders for the errors and omissions coverage arid fidelity bond coverage for FFIC. See Exhibit H which is a copy of the April 9, 2007, Kosch e-mail and Neubacher' s e-mail response with attachments.

**ANSWER:**    In answer to Paragraph 43, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

44.    On April 21,2007, Prelu Autojay, an officer and director of FFIC, e-mailed Fields and Neubacher with a time frame for funding of the Bond offerings for February of 2008. See Exhibit I attached hereto.

**ANSWER:**    In answer to Paragraph 44, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

45.    Coincidentally, at this time Fields communicates with Walter N. Kosch and Walter T. Kosch representing that he has a lender in Detroit that will finance the Galena, St. Maarten and Costa Rica projects. On April 26, 2007 at a meeting with Walter T. Kosch, Walter N. Kosch, Neubacher and Fields, Fields represents that he has the necessary financing for the acquisition of the Galena, St. Maarten and Costa Rica Projects.

**ANSWER:**    In answer to Paragraph 45, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

46.    Coincidentally, Neubacher and Field represented to Koschs' and the Sonnenschein Groupe that as of April 2, 2007, Fields was appointed as a director to Metropolitan Financial Services a subsidiary or affiliate of Allied Mortgage Group. These

representations proved later to be false.

**ANSWER:** In answer to Paragraph 46, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

47.    On May 4, 2007, Ransom, Allied and Metropolitan represented to Koschs' and the Sonnenschein Group that Allied and Metropolitan would provide mortgage financing for acquisition of the Galena and Sint Maarten projects and issued commitment letters in the amount of $12,000,000.00 for the Galena project, and $14,000,000 for the St. Maarten project. These representations were false.

**ANSWER:** In answer to Paragraph 47, Defendant Allied Mortgage Group denies the allegations set forth therein for the reason that said allegations are untrue.

48.    At all times relevant to the matters alleged in this Complaint, Fields, Neubacher and FFIC represented to Walter N. Kosch, Walter T. Kosch, and the Sonnenschein Groupe, that Fields and FFIC would unequivocally and without predicate, condition or qualification provide the necessary capital for the acquisition and development of the Galena project, the Sint Maarten project, and the Costa Rica project.

**ANSWER:** In answer to Paragraph 48, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

49.    Under the terms of the Letter of Engagement, FFIC and Fields had an obligation to unequivocally and without predicate, condition or qualification provide the necessary capital for the acquisition and development of the Galena project, the Sint Maarten project, and the Costa Rica project.

**ANSWER:** In answer to Paragraph 49, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

50.    Under the terms of the Joint Venture, Fields and FFIC had an obligation to unequivocally and without predicate, condition or qualification provide the necessary capital for the acquisition and development of the Galena project, the St. Maarten project, and the Costa Rica project.

**ANSWER:**    In answer to Paragraph 50, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

51.    On May 12, 2007 Walter T. Kosch and Fields traveled to Austria to meet with Neubacher and a German attorney, to organize the Luxembourg limited liability company consistent with the Joint Venture Agreement.

**ANSWER:**    In answer to Paragraph 51, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

52.    Walter N. Kosch, Walter T. Kosch and the Sonnenschein Groupe are and have been in compliance with all of the obligations Koschs' and the Sonnenschein Groupe under the Letter of Engagement and the Joint Venture Agreement. Indeed, over $400,000 was paid to Fields and FFIC or expended pursuant to Fields and FFIC's request and in compliance with the terms of the Letter of Engagement and Joint Venture Agreement.

**ANSWER:**    In answer to Paragraph 52, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

53.    In reliance upon the representations of Fields and Neubacher that FFIC would provide the necessary capital with no predicate, condition or qualification, to acquire and develop the Galena and St. Maarten projects, Walter N. Kosch, Walter T. Kosch and the Sonnenschein Groupe commenced and engaged in serious negotiations with the owner of the Galena project real property and business operation and, because of the oral and written representations that FFIC had the financing and capital for the acquisition, did not include a mortgage contingency provision In [sic] the negotiations.

**ANSWER:**    In answer to Paragraph 53, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

54.    In reliance upon the contractual obligation of Fields and FFIC to provide the necessary capital with no predicate, condition or qualification, to acquire and develop the Galena and St. Maarten projects, Walter N. Kosch, Walter T. Kosch and the Sonnenschein Groupe commenced and engaged in serious negotiations with the owner of the Sint Maarten project real property and business operation.

**ANSWER:**    In answer to Paragraph 54, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

55.    At all times relevant to the matters alleged in this Complaint, Fields, FFIC and Neubacher were aware that the negotiations with the Galena project owners did not include a mortgage or financing contingency.

**ANSWER:**    In answer to Paragraph 55, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

56.    FFIC did not provide the funding for the Galena project.

**ANSWER:**    In answer to Paragraph 56, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

57.    FFIC refused to execute a purchase agreement for the Galena project that did not include a mortgage or financing contingency provision.

**ANSWER:**   In answer to Paragraph 57, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

58.    The Galena project real property and business operation owners refused to renegotiate the terms to include a mortgage or financing contingency provision because the terms were originally negotiated not to include a mortgage or financing contingency.

**ANSWER:**   In answer to Paragraph 58, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

59.    But for the representations of FFIC, Fields and Neubacher, Walter T. Kosch, Walter N. Kosch and the Sonnenschein Group would have included a mortgage or financing contingency in the negotiations with the owners of the Galena project real property and business operation.

**ANSWER:**   In answer to Paragraph 59, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

60.    The Galena project, the Sint Maarten project and the Costa Rica project were lost as a result of the actions and conduct of the Defendants and in particular the actors, Fields, Neubacher, FFIC, Allied, Metropolitan and Ransom.

**ANSWER:**   In answer to Paragraph 60, Defendant Allied Mortgage Group denies the allegations set forth therein for the reason that said allegations are untrue.

## COUNT I
## BREACH OF CONTRACT AGAINST FFIC AND FIELDS

61.    The allegations contained in paragraphs 1-60 are realleged and incorporated herein as a part of this Count I.

19

**ANSWER:** Defendant Allied Mortgage Group hereby realleges and incorporates its answers to Paragraphs 1-60 as though fully set forth herein.

62. FFIC and Fields had an unequivocal obligation under the Letter of Engagement and the Joint Venture Agreement to provide the funding for the purchase of the real property and business operations of the Galena project, the Sint Maarten project and the Costa Rican project.

**ANSWER:** In answer to Paragraph 62, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

63. FFIC and Fields failed and refused to provide the funding for the purchase of the real property and business operations of the Galena project, the Sint Maarten project and the Costa Rican project.

**ANSWER:** In answer to Paragraph 63, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

64. Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group have performed all material obligations under the Letter of Engagement and the Joint Venture Agreement.

**ANSWER:** In answer to Paragraph 64, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

65. FFIC and Fields are in breach of their obligations under the Letter of Engagement and the Joint Venture Agreement.

**ANSWER:** In answer to Paragraph 65, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

66.    As a result of the breach of contract by FFIC and Fields, Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group have suffered actual damage and harm reasonably flowing from the breach, which includes the following non-exhaustive list of damages:

> a.    As a direct result of the breach of contract, the Koschs' and Sonnenschein Group has lost the opportunity to purchase in conjunction with the Joint Venture the Galena real property and business operations comprising the Galena project;

> b.    As a direct result of the breach of contract, the Koschs' and Sonnenschein Group has lost the opportunity to purchase in conjunction with the Joint Venture the Sint Maarten real property and business operations comprising the Sint Maarten project;

> c.    As a direct result of the breach of contract, the Koschs' and Sonnenschein Group has lost the opportunity to purchase in conjunction with the Joint Venture the Costa Rican real property and business operations comprising the Costa Rican project;

> d.    As a direct result of the breach of contract, the Koschs' and Sonnenschein Group has expended sums in excess of $400,000, including monies in the amount of $94,758.67 for the premiums for the errors and omissions and fidelity coverage; and $155,595.67 paid directly to FFIC; and other sums.

**ANSWER:**    In answer to Paragraph 66 (a)–(d), Defendant Allied Mortgage

Group neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

WHEREFORE, Defendant Allied Mortgage Group respectfully requests that this

Honorable Court find that the Plaintiffs have no cause of action as such against

Defendant Allied Mortgage Group and dismiss the Complaint.

**COUNT II**
**FRAUDULENT MISREPRESENTATION AGAINST FIELDS, NEUBACHER,**
**FFIC, FFIC NEW JERSEY, FFIC WASHINGTON, DC THE DIRECTORS**
<u>**OF FFIC, ALLIED, METROPOLITAN AND RANSOM**</u>

67.    The allegations contained in paragraphs 1-60 are realleged and incorporated herein as a part of this Count II.

<u>**ANSWER:**</u>    Defendant Allied Mortgage Group hereby realleges and incorporates its answers to Paragraphs 1-60 as though fully set forth herein.

68.    At all times relevant to the matters alleged in this Complaint, Fields, as Managing Director of FFIC, had the real and apparent power and authority to act in his own right and to act on behalf of FFIC, FFIC New Jersey and FFIC Washington DC.

<u>**ANSWER:**</u>    In answer to Paragraph 68, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

69.    At all times relevant to the matters alleged in this Complaint, Neubacher, as agent of FFIC had the real and apparent power and authority to act in his own right and to act on behalf of FFIC.

<u>**ANSWER:**</u>    In answer to Paragraph 69, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

70.    At all times relevant to the matters alleged in this Complaint, the Directors of FFIC were fully aware and approved of the wrongful actions of Fields, individually and as Managing Director of FFIC, and accordingly, the directors and each of them are accountable for the wrongful actions of Fields.

<u>**ANSWER:**</u>    In answer to Paragraph 70, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

71.    At all times relevant to the matters alleged in this Complaint, Ransom, as president of Allied and Metropolitan, had the real and apparent power and authority to act in his own right and to act on behalf of Allied and Metropolitan.

**ANSWER:**    In answer to Paragraph 71, Defendant Allied Mortgage Group

denies the allegations set forth therein for the reason that said allegations are untrue.

72.    Fields, with the assistance of Neubacher, Allied, Metropolitan, Ransom, and with the knowledge and consent of FFIC and the Directors of FFIC, engaged in a scheme to defraud Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group, of money and other things of value by representing that FFIC and Fields via bond issuance and/or mortgage loans from Allied and Metropolitan, will provide capital funding and money.

**ANSWER:**    In answer to Paragraph 72, Defendant Allied Mortgage Group

denies the allegations set forth therein for the reason that said allegations are untrue.

73.    Fields, with the assistance of Neubacher, Allied, Metropolitan, Ransom, and with the knowledge and consent of FFIC and the Directors of FFIC, represented to Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group that FFIC and Fields would provide capital finding and money through financing via bond issuance and/or mortgage loans from Allied and Metropolitan in return for Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group providing Fields and FFIC $850,000 in money or other things of value.

**ANSWER:**    In answer to Paragraph 73, Defendant Allied Mortgage Group

denies the allegations set forth therein for the reason that said allegations are untrue.

74.    Fields, with the assistance of Neubacher, and with the knowledge and consent of FFIC and the Directors of FFIC, represented to Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group that FFIC had business offices in Morris Town, New Jersey and Washington DC. These representations were false in that separate corporations which were wholly owned subsidiaries of FFIC were organized and active in New Jersey and Washington DC. For purposes of the Complaint and the matters alleged herein, FFIC, FFIC New Jersey and FFIC Washington DC should be treated and one entity and not three separate entities.

**ANSWER:**    In answer to Paragraph 74, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

75.    Allied, Metropolitan and Ransom represented to Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group directly and through their paramours, Fields and Neubacher, that Allied and Metropolitan would provide mortgage financing for acquisition of the Galena and Sint Maarten projects and issued commitment letters in the amount of $12,000,000.00 for the Galena project, and $14,000,000 for the St. Maarten project. These representations and the commitment letter were false and fabrications.

**ANSWER:**    In answer to Paragraph 75, Defendant Allied Mortgage Group

denies the allegations set forth therein for the reason that said allegations are untrue.

76.    The representations of Fields and Neubacher were material in that Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group, needed capital funding to acquire and develop the Galena project, the St. Maarten project and the Costa Rican project.

**ANSWER:**    In answer to Paragraph 76, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

77.    The representations of Ransom, Allied and Metropolitan were material in that Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group, needed capital funding to acquire and develop the Galena project and the St. Maarten project.

**ANSWER:**    In answer to Paragraph 77, Defendant Allied Mortgage Group

denies the allegations set forth therein for the reason that said allegations are untrue.

78.    At the time Fields and Neubacher made the representations to Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group the representations were false and Fields and Neubacher knew the representations were false.

**ANSWER:**    In answer to Paragraph 78, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

79.    At the time Ransom, Allied and Metropolitan, made the representations to Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group the representations were false and Ransom, Allied, and Metropolitan knew the representations were false.

**ANSWER:**    In answer to Paragraph 79, Defendant Allied Mortgage Group

denies the allegations set forth therein for the reason that said allegations are untrue.

80.    Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group reasonably rely on the truth of the representations of Fields and Neubacher.

**ANSWER:**    In answer to Paragraph 80, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

81.    Walter N. Koseh, Walter T. Kosch and the Sonnenschein Group reasonably rely on the truth of the representations of Ransom, Allied and Metropolitan.

**ANSWER:**    In answer to Paragraph 81, Defendant Allied Mortgage Group

denies the allegations set forth therein for the reason that said allegations are untrue.

82.    In reliance upon the false representations of Fields, Neubacher, FFIC, Ransom, Allied and Metropolitan, Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group paid Fields and FFIC or expended funds as requested by Fields and FFIC, in excess of $400,000.00.

**ANSWER:**    In answer to Paragraph 82, Defendant Allied Mortgage Group

denies the allegations set forth therein for the reason that said allegations are untrue.

83.    In further reliance upon the false representations of Fields, Neubacher, FFIC, Ransom, Allied and Metropolitan, Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group negotiated purchase terms for the Galena project real estate and business operation that did not include a mortgage or financing contingency.

**ANSWER:**    In answer to Paragraph 83, Defendant Allied Mortgage Group

denies the allegations set forth therein for the reason that said allegations are untrue.

84.    But for the representations of the Defendants that Fields and FFIC would, without predicate, condition or qualification, provide capital funding for the subject projects, including the Galena project, Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group would have included a mortgage or financing contingency in the negotiated terms.

**ANSWER:**    In answer to Paragraph 84, Defendant Allied Mortgage Group

denies the allegations set forth therein for the reason that said allegations are untrue.

85.    But for the representations of the Defendants that Fields and FFIC would, without predicate, condition or qualification, provide capital funding for the subject projects, been able to procure acquisition of the Sint Maarten and Costa Rican projects.

**ANSWER:**    In answer to Paragraph 85, Defendant Allied Mortgage Group

denies the allegations set forth therein for the reason that said allegations are untrue.

86.    At all times relevant herein, Fields and Neubacher were aware that Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group were negotiating the Galena project terms without the inclusion of a mortgage or financing contingency.

**ANSWER:**    In answer to Paragraph 86, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

87.    Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group relied upon the false representations of Fields, Neubacher, FFIC, Ransom, Allied and Metropolitan and were injured and suffer harm and damage as a result of the false representations and reasonable reliance thereof.

**ANSWER:**    In answer to Paragraph 87, Defendant Allied Mortgage Group

denies the allegations set forth therein for the reason that said allegations are untrue.

88.    As a result of the false representations and reliance thereof, Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group have suffered actual damage and harm including:

a.    the lost opportunity to purchase the Galena real property and business operations comprising the Galena project;

b.      the lost opportunity to purchase the Sint Maarten real property and business operations comprising the Sint Maarten project;

c.      the lost opportunity to purchase the Costa Rican real property and business operations comprising the Costa Rican project;

d.      the loss of sums in excess of $400,000;

e.      With respect to the trust, the loss of the monies withdrawn and paid directly to FFIC or expended;

f.      and other sums.

**ANSWER:** In answer to Paragraph 88 (a)-(f), Defendant Allied Mortgage Group denies the allegations set forth therein for the reason that said allegations are untrue.

89.      FFIC and its directors where fully aware of and consented to the wrongful and false representations of Fields and Neubacher and accordingly and accountable and liable for the damage and harm suffered by Walter N. Kosch, Walter T. Kosch, the Sonnenschein Group and the Trust.

**ANSWER:** In answer to Paragraph 89, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

90.      Because the wrongful conduct of Fields, Neubacher, FFIC, Ransom, Allied and Metropolitan was deliberate and intentionally wrongful and malicious punitive damages are appropriate.

**ANSWER:** In answer to Paragraph 90, Defendant Allied Mortgage Group denies the allegations set forth therein for the reason that said allegations are untrue.

WHEREFORE, Defendant Allied Mortgage Group respectfully requests that this Honorable Court find that the Plaintiffs have no cause of action as such against Defendant Allied Mortgage Group and dismiss the Complaint.

**COUNT III**
**CONSTRUCTIVE FRAUD AGAINST FFIC, FFIC NEW**
**<u>JERSEY AND FFIC WASHINGTON</u>**

91.    The allegations contained in paragraphs 1-60 and paragraphs 67-90 are realleged and incorporated herein as a part of this Count III.

**<u>ANSWER:</u>**  Defendant Allied Mortgage Group hereby realleges and incorporates its answers to Paragraphs 1-60 and Paragraphs 67-90 as though fully set forth herein.

92.    As a result of the Joint Venture agreement executed by FFIC and the Sonnenschein Group, a joint venture relationship existed between Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group.

**<u>ANSWER:</u>**  In answer to Paragraph 92, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

93.    As a result of the joint venture relationship, a fiduciary relationship of confidence and trust existed between FFIC and Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group and FFIC and its agents, representatives and Managing Director had a duty to be truthful and not to be deceptive and not to make false representations to Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group.

**<u>ANSWER:</u>**  In answer to Paragraph 93, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

94.    FFIC and Fields breached the fiduciary duty that FFIC had to Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group as a result of the false representations made to Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group.

**ANSWER:**    In answer to Paragraph 94, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

95.    Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group suffered injury, damage and harm as a result of the constructive fraud perpetrated on them by Fields, FFIC, FFIC NEW JERSEY and FFIC Washington DC.

**ANSWER:**    In answer to Paragraph 95, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

WHEREFORE, Defendant Allied Mortgage Group respectfully requests that this Honorable Court find that the Plaintiffs have no cause of action as such against Defendant Allied Mortgage Group and dismiss the Complaint.

### COUNT IV
### TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST FFIC, FIELDS, NEUBACHER, FFIC NEW JERSEY, FFIC WASHINGTON DC AND THE DIRECTORS OF FFIC, RANSOM, ALLIED AND METROPOLITAN

96.    The allegations contained in paragraphs 1-60 are realleged and incorporated herein as a part of this Count IV.

**ANSWER:**    Defendant Allied Mortgage Group hereby realleges and incorporates its answers to Paragraphs 1-60 as though fully set forth herein.

97.    Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group had a reasonable expectation of entering into a valid business relationship with the owners of the Galena project real estate and business operations.

**ANSWER:**    In answer to Paragraph 97, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

98.    Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group had a reasonable expectation of entering into a valid business relationship with the owners of the Sint Maarten project real estate and business operations.

**ANSWER:**    In answer to Paragraph 98, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

99.    Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group had a reasonable expectation of entering into a valid business relationship with the owners of the Costa Rican project real estate and business operations.

**ANSWER:**    In answer to Paragraph 99, Defendant Allied Mortgage Group

neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth

thereof, and therefore leaves Plaintiffs to their proofs.

100.    Fields, Neubacher, FFIC, Ransom, Allied and Metropolitan, knew of the reasonable expectation on the part of Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group.

**ANSWER:**    In answer to Paragraph 100, Defendant Allied Mortgage Group

denies the allegations set forth therein for the reason that said allegations are untrue.

101.    Fields, Neubacher, FFIC, Ransom, Allied and Metropolitan by their wrongful conduct purposefully interfered with the reasonable expectation of Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group and prevented Walter N. Kosch, Walter T. Kosch and the Sonnenschein Grouper's reasonable expectancy from being fulfilled.

**ANSWER:**    In answer to Paragraph 101, Defendant Allied Mortgage Group

denies the allegations set forth therein for the reason that said allegations are untrue.

102.    As a result of the unlawful and unjustified tortuous interference by Fields,

Neubacher, FFIC, Ransom, Allied and Metropolitan, Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group suffered injury and damages.

**ANSWER:** In answer to Paragraph 102, Defendant Allied Mortgage Group denies the allegations set forth therein for the reason that said allegations are untrue.

WHEREFORE, Defendant Allied Mortgage Group respectfully requests that this Honorable Court find that the Plaintiffs have no cause of action as such against Defendant Allied Mortgage Group and dismiss the Complaint.

## COUNT V
### CIVIL CONSPIRACY AGAINST FFIC, FIELDS, NEUBACHER, FFIC NEW JERSEY, FFIC WASHINGTON DC AND THE DIRECTORS OF FFIC, RANSOM, ALLIED AND METROPOLITAN

103.    The allegations contained in paragraphs 1-60 and 67-102 are realleged and incorporated herein as a part of this Count V.

**ANSWER:** Defendant Allied Mortgage Group hereby realleges and incorporates its answers to Paragraphs 1-60 and Paragraphs 67-102 as though fully set forth herein.

104.    Fields, Neubacher and FFIC including the individual directors of FFIC engaged and participated in a civil conspiracy.

**ANSWER:** In answer to Paragraph 104, Defendant Allied Mortgage Group denies the allegations set forth therein for the reason that said allegations are untrue.

105. In particular, Fields, Neubacher, FFIC and the individual director defendants of FFIC entered into a combination for the purpose of accomplishing by their concerted action an unlawful purpose or a lawful purpose by unlawful means.

**ANSWER:** In answer to Paragraph 105, Defendant Allied Mortgage Group denies the allegations set forth therein for the reason that said allegations are untrue.

106.    The false representations made by Fields and Neubacher to Walter N. Kosch, Walter T. Kosch, , [sic] and the Sonnenschein Group are actions in the furtherance of the civil conspiracy the goal of which was to defraud Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group of money and other things of value.

**ANSWER:**    In answer to Paragraph 106, Defendant Allied Mortgage Group denies the allegations set forth therein for the reason that said allegations are untrue.

WHEREFORE, Defendant Allied Mortgage Group respectfully requests that this Honorable Court find that the Plaintiffs have no cause of action as such against Defendant Allied Mortgage Group and dismiss the Complaint.

**COUNT VI**
**RACKETEERING, INFLUENCE CORRUPT ORGANIZATION ("RICO")**

107.    The allegations contained in paragraphs 1-60 and paragraphs 67-106 are realleged and incorporated herein as a part of this Count VI.

**ANSWER:**    Defendant Allied Mortgage Group hereby realleges and incorporates its answers to Paragraphs 1-60 and Paragraphs 67-106 as though fully set forth herein.

108.    As previously alleged, Fields, Neubacher, FFIC and the individual directors of FFIC engaged in a scheme or artifice to defraud individuals, including Walter N. Kosch, Walter T. Kosch and the Sonnenschein Group out of money and other things of value.

**ANSWER:**    In answer to Paragraph 108, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

109.    The aforesaid defendants used the mails, the wire, telephone and Internet to effectuate and execute upon their scheme and artifice to defraud individuals of money and things of value and the foregoing constituted acts which include mall fraud as that term is defined by the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.S. §§ 1961-1968.

**ANSWER:**    In answer to Paragraph 109, Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is

without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

110.   The aforesaid defendants engaged in a pattern of racketeering activity which include the acts complained of by the Plaintiffs and similar activity with respect to:

      a.      A Chicago area Software Company;

      b.      Companies in Detroit, Michigan and Gary, Indiana.

**ANSWER:**   In answer to Paragraph 110 (a) and (b), Defendant Allied Mortgage Group neither admits nor denies the allegations set forth therein, for the reason that it is without sufficient knowledge or information upon which to form a belief as to the truth thereof, and therefore leaves Plaintiffs to their proofs.

111.   The foregoing racketeering activities constitute a pattern of racketeering predicates that are related, in that the same or virtually the same scheme and artifice were employed by the Defendants in each instance.

**ANSWER:**   In answer to Paragraph 111, Defendant Allied Mortgage Group denies the allegations set forth therein for the reason that said allegations are untrue.

112.   The foregoing predicate racketeering activities demonstrate a continuity of criminal and civil unlawful activity having occurred at different points in time and involving different victims.

**ANSWER:**   In answer to Paragraph 112, Defendant Allied Mortgage Group denies the allegations set forth therein for the reason that said allegations are untrue.

113.   As a result of the Defendants violation of the statutory prohibitions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.S. §§ 1961-1968, Plaintiff have been injured and suffered harm and damage.

**ANSWER:**   In answer to Paragraph 113, Defendant Allied Mortgage Group denies the allegations set forth therein for the reason that said allegations are untrue.

WHEREFORE, Defendant Allied Mortgage Group respectfully requests that this Honorable Court find that the Plaintiffs have no cause of action as such against Defendant Allied Mortgage Group and dismiss the Complaint.

## DEFENDANT ALLIED MORTGAGE
## GROUP'S AFFIRMATIVE DEFENSES

Defendant Allied Mortgage Group, Inc., by and through its attorneys, hereby submits the following Affirmative Defenses to Plaintiffs' Complaint:

1.      The Plaintiffs have failed to state a claim upon which relief can be granted against Defendant Allied Mortgage Group, and it reserves the right to file a motion under Fed. R. Civ. Pro. 12(b)(6).

2.      The Defendant Allied Mortgage Group reserves the right to file a motion for a more definite statement under Fed. R. Civ. Pro. 12(e).

3.      The Defendant Allied Mortgage Group reserves the right to file a motion under Fed. R. Civ. Pro. 12(b)(1)-(5), if it is determined that said defenses are available to the Defendant Allied Mortgage Group.

4.      Defendant Allied Mortgage Group will rely upon the Statute of Frauds if it is determined said doctrine is found applicable in this matter.

5.      The Defendant Allied Mortgage Group will rely upon the parole evidence rule insofar as said rule is found applicable in this matter.

6.      Defendant Allied Mortgage Group, through its officers, employees and/or representatives, did not engage in any acts which could result in fraudulent misrepresentation as it had no contact with the Plaintiffs in the case.

7.      The Defendant Allied Mortgage Group through its officers, agents, employees and/or representatives did not engage in any activities which could be

construed as interference with a contractual relationship with the Plaintiffs as it had no contact with the Plaintiffs in this case.

8.    Defendant Allied Mortgage Group is not a Michigan corporation.

9.    The Defendant Allied Mortgage Group is not the parent company of Metropolitan Financial Services, Inc.

10.    The management, officers, directors, employees and/or agents of Allied Mortgage have never been approached by any of the Plaintiffs and/or Defendants in the above-captioned case to provide any type of financial security for any of the transactions described therein, particularly mortgage financing as alleged in Paragraph 47.

11.    Defendant Allied Mortgage Group will rely upon the doctrine of comparative fault if said doctrine is found to be applicable in this matter.

12.    Defendant Aaron Ransom was not the agent, servant, employee, president or representative of Allied Mortgage Group during the time period described in this complaint.

13.    The Defendant Allied Mortgage Group did not engage in any acts in violation of the racketeering, influence corporate organization at as (RICO) as described in Count VI of this Complaint.

14.    The Defendant Allied Mortgage Group will rely upon the Doctrine of Latches if said doctrine is found applicable in this matter.

15.    The Defendant Allied Mortgage Group will rely upon the Doctrine of Estoppel if said doctrine is found applicable in this matter.

16.    The Defendant Allied Mortgage Group's actions and/or inactions were not

the proximate cause of any of Plaintiff's alleged damages.

17.    Defendant Allied Mortgage Group reserves the right to file Cross-Claims pursuant to Fed. R. Civ. Pro. 13 against all co-defendants including but not limited to co-defendants Metropolitan Financial Services, Inc. and Aaron Ransom.

18.    Defendant Allied Mortgage Group reserves the right to file any and/all additional affirmative defenses to which it obtains information and/or knowledge of during the course of these proceedings as provided for in the Fed. R. Civ. Pro.

## <u>DEMAND FOR TRIAL BY JURY</u>

Defendant Allied Mortgage Group, Inc. by and through its attorneys, hereby demands trial by jury of the within cause of action.

Respectfully submitted,

ALLIED MORTGAGE GROUP, INC.


By: /s Jeffrey D. Pilgrim
      One of its Attorneys

Michael R. Turoff
Jeffrey D. Pilgrim
Arnstein & Lehr LLP
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606
(312) 876-7100
Attorneys for Defendant Allied Mortgage Group, Inc.

Kenneth J. Hardin II
Hardin & Associates P.C.
30150 Telegraph Rd., Ste. 345
Bingham Farms, MI  48025
248-723-9900
248-290-5237-fax
Attorneys for Defendant Allied Mortgage Group, Inc.

## <u>CERTIFICATE OF SERVICE</u>

Jeffrey D. Pilgrim, an attorney, certifies that on March 11, 2008, he electronically filed the foregoing **Defendant Allied Mortgage Group's Answer and Affirmative Defenses to Complaint** with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Jennifer Molly Wretzky, jmwretzky@gmail.com

Michael Lee Tinaglia, mltinaglia@tinaglialaw.com

Theodore John Low, tjl@willmot.com

C. Barry Montgomery, cbm@willmont.com


/s Jeffrey D. Pilgrim


Michael R. Turoff
Jeffrey D. Pilgrim
Arnstein & Lehr LLP
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606
(312) 876-7100
Attorneys for Defendant Allied Mortgage Group Only

Kenneth J. Hardin II (P44681)
Hardin & Associates P.C.
30150 Telegraph Rd., Ste. 345
Bingham Farms, MI  48025
248-723-9900
248-290-5237-fax
kenhardin@hardinlawpc.com
Attorneys for Defendant Allied Mortgage Group Only