IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER N. KOSCH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) No.   08 C 750 |
| | ) |
| FFIC/BEAM, INCORPORATED, a Philippine | ) The Honorable |
| corporation, et al., | )    Blanche M. Manning |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT
KARL NEUBACHER'S MOTION TO DISMISS**

**INTRODUCTION**

Defendant Karl Neubacher is named as a Defendant in four of the six counts of the Complaint in this cause (Counts II, IV, V and VI). None of these counts states a claim upon which relief can be granted against Defendant Neubacher. He has moved to dismiss the Complaint as to him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and submits this Memorandum in support of that motion.

**OVERVIEW**

The Complaint in this case is confusing and full of hyperbole. However, read generously, the Complaint appears to allege that Plaintiff Sonnenschein Groupe, identified as a "*de facto* limited liability company," entered into two agreements under which the Plaintiffs (Sonnenschein Groupe and two individuals) expected certain Defendants to provide financing by which a joint venture consisting of Sonnenschein Groupe and Defendant FFIC/Beam Incorporated ("FFIC/Beam") could acquire certain hotel/resort properties in Illinois and

elsewhere. Stripped to its essentials, the Complaint appears to allege that this financing was not in fact provided and that the opportunity for the joint venture to acquire the properties was lost.

However, instead of taking the direct route and simply alleging a breach of contract claim against the parties who allegedly failed to perform their promise to provide financing, the Complaint in this case alleges a wide variety of torts (and violations of RICO) against a myriad of entities – including Defendant Neubacher – who had no contractual obligation to provide any financing to the joint venture.

These claims all suffer from a number of deficiencies and share one fatal flaw -- none of these claims state a claim upon which relief can be granted against Defendant Neubacher.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted if the complaint does not state a cause of action upon which relief may be granted. *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). When evaluating a motion to dismiss, the Court must assume that all of the factual allegations in the pleadings are true, and must construe the pleadings and all reasonable inferences which derive therefrom in favor of the nonmoving party. *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir. 1991). However, the Court need not strain to find favorable inferences which are not apparent on the face of the complaint. *Coates v. Illinois St. Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977). Similarly, the Court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Nelson v. Monroe Regional Medical Ctr.*, 925 F.2d 1555, 1559 (7th Cir.), cert. denied, 502 U.S. 903, 112 S.Ct. 285, 116 L.Ed.2d 236 (1991).

In addition, Plaintiffs' allegations of fraud must be pled with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. Courts have interpreted the particularity requirement to mean that the complaint must state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Schiffels v. Kemper Fin. Servs., Inc.*, 978 F.2d 344, 352 (7th Cir. 1992).

Finally, Rule 10(c) of the Federal Rules of Civil Procedure provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

## ARGUMENT

### I.  PLAINTIFF SONNENSCHEIN GROUPE DOES NOT EXIST AND LACKS CAPACITY TO SUE.

We note at the outset that the well-pleaded facts of the Complaint in this case allege that Plaintiff Sonnenschein Groupe is the entity that entered into a Joint Venture Agreement with Defendant FFIC/Beam, forming a joint venture for the purpose of acquiring various hotel/resort properties. (*See* Exhibit G to the Complaint.) According to the well-pleaded facts of the Complaint, the financing for the acquisitions in question was to be provided by Defendants FFIC/Beam and Robert Fields. (*See* Exhibit F to the Complaint.) According to the Complaint, FFIC/Beam and Fields failed to provide this financing.

Significantly, the Complaint herein has not been brought on behalf of the joint venture, even though the documents attached to the Complaint plainly establish that it was the joint venture and the joint venture alone that was to acquire the properties in question. (*See* Exhibit F, which on its face states that financing was to be provided to the joint venture "for the purpose of funding the purchase, ongoing operation and construction of" various projects; *see also* Exhibit

3

G, which states that the joint venture partners – Sonnenschein Groupe and FFIC/Beam – were forming a joint venture in order "to acquire and expand certain properties.")  Presumably, any failure to provide financing that resulted in the lost opportunity to acquire and develop these properties – exactly what the Complaint alleges – would in fact be a loss to the *joint venture*.

However, the Complaint in this cause is not on behalf of the joint venture itself, but on behalf of (among others, discussed below) one of the identified joint venturers, Sonnenschein Groupe. This raises a very significant problem, however, because it appears from the face of the Complaint that Sonnenschein Groupe does not actually exist and in fact lacks the legal capacity to bring suit.

The Complaint identifies Sonnenschein Groupe as a "*de facto* limited liability company." Illinois (where Sonnenschein appears to be headquartered – see Exhibit G to the Complaint – and is expressly stated to be doing business – see Verification to the Complaint) does not recognize the standing of so called *de facto* limited liability companies.  Rather, the Illinois Limited Liability Company Act ("Act") provides that only actual limited liability companies have standing to bring lawsuits in their own name under the Act.  805 ILCS § 180/1-30(1).  In order for an entity to be an actual limited liability company under the Act, it must be in fact organized under a specific provision of state law. 805 ILCS § 180/1-5. However, the Sonnenschein Groupe is not so organized under § 180/1-5 of the Act as the Complaint tacitly concedes by referring to Sonnenschein Groupe as a "*de facto* limited liability company. (Note also that paragraphs 3 through 23 of the Complaint identifies all of the Plaintiffs and Defendants, except Sonnenschein Groupe, which is not specifically identified in the Complaint at all except in the preamble.) Consequently, the Sonnenschein Groupe as a "*de facto* limited liability company" lacks standing under the Act to bring the instant Complaint.

4

The Act also bars the Sonnenschein Groupe from bringing this lawsuit as a foreign limited liability company. The Act expressly provides that "a foreign limited liability company transacting business in this State may not maintain a civil action in any court of this State until the limited liability company is admitted to transact business in this State," 805 ILCS § 180/45-45(a). Accordingly, the Sonnenschein Groupe, which, according to the Complaint, is transacting business in this state and is not registered to do so, may not maintain a civil action in this State, including in this diversity action.

Therefore, to the extent that the Complaint in this case seeks to enforce the alleged rights of Sonnenschein Groupe, it must be dismissed for failure to state a claim upon which relief can be granted.

II.　**THE KOSCH PLAINTIFFS LACK STANDING TO SUE.**

The previous ruling does not *necessarily* result in the dismissal of the entire case. The Complaint also alleges that it is being brought on behalf of two individuals – Walter T. Kosch and Walter N. Kosch. The Complaint itself is vague as to the relationship between the Koschs' and the Sonnenschein Groupe, but the Verification does allege that Walter N. Kosch is a "principal" of the Sonnenschein Groupe.

Be that as it may, the thrust of the allegations of the Complaint are that certain defendants made representations (and had duties) with regard to providing financing to the joint venture in order for the joint venture to acquire certain properties. The well-pleaded facts, particularly the executed agreements attached to the Complaint, establish that *the joint venture* was the entity that was to acquire the properties. Any failure to provide or misrepresentations with regard to the necessary financing for the proposed acquisitions can only be to the detriment of the joint

5

venture (or possibly the joint venturers). The Koschs in their individual capacity were not parties to the relevant agreements attached to the Complaint and were thus not harmed by any breach of these agreements. Moreover, the Koschs were not themselves joint venturers and thus do not have standing to sue for misrepresentations made regarding the proposed financing for the joint venture's acquisition of various properties.

Therefore, since the Plaintiff Sonnenschein Groupe does not legally exist and Plaintiffs Walter N. and Walter T. Kosch are not alleged to be joint venture partners, the Plaintiffs lack the ability to bring suit for misrepresentations allegedly made with regard to providing financing to the joint venture. Thus, we submit, the Complaint in this case must be dismissed in its entirety.

However, assuming that the Court disagrees with the foregoing analysis, we still maintain that the individual claims against Defendant Neubacher all fail to state a claim upon which relief can be granted. We elaborate directly below.

### III. COUNT II FAILS TO STATE A CLAIM AGAINST DEFENDANT NEUBACHER.

Count II purports to set forth a claim for fraudulent misrepresentation against Defendant Neubacher and others. This count manifestly fails to set forth a proper claim for misrepresentation, at least as to Defendant Neubacher.

The elements of fraud are (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement. *Hart v. Boehmer Chevrolet Sales, Inc.*, 337 Ill.App.3d 742, 751, 787 N.E.2d 350 (2nd Dist. 2003).

The Complaint does generally allege (although not always with the specificity required by Rule 9(b) of the Federal Rules) some misrepresentations supposedly made by Defendant Neubacher to the Plaintiffs. (*See* paragraphs 31(h) and 73.) However, these allegations essentially state that Defendant Neubacher represented that Fields and FFIC/Beam would provide financing to the joint venture.

Such allegations, even if accepted as true, do not support a claim for fraudulent representation. It is well recognized in Illinois law that a fraud claim cannot be based upon a promise of future performance, a prediction, or a statement of opinion. *See Prime Leasing, Inc. v. Kendig*, 332 Ill.App.3d 300, 309, 773 N.E.2d 84 (1st Dist. 2002). A fraud claim must be based upon a statement of ***existing fact*** known by the person making the statement to be false. *Bradley Real Estate Trust v. Dolan Associates Ltd.*, 266 Ill.App.3d 709, 713, 640 N.E.2d 9 (1st Dist. 1994). The allegations here are that Defendant Neubacher represented that Fields and FFIC/Beam would in the future provide financing; this is not only a statement of future performance as opposed to existing fact, it is indeed not even a promise of Defendant Neubacher's future performance, but more in the nature of a prediction how others (Fields and FFIC/Beam) would act in the future. As such, the allegations are insufficient to maintain a fraudulent misrepresentation claim. [1]

There are a couple of actual factual misrepresentations more or less attributed to Defendant Neubacher in the Complaint. But these alleged misrepresentations are so trivial on their face that they cannot possibly support a conclusion that they were material to the

---

[1] Moreover, the allegation of paragraph 73 does not even allege that Defendant Neubacher made a misrepresentation. It states that ***Fields*** made the misrepresentation "with the assistance of Neubacher [and others]." It is uncertain what is meant by this and the pleading does not appear to conform to the requirements of Rule 9(b) and thus must be disregarded.

7

transactions in question. Paragraph 46 vaguely states that "coincidentally" Defendant Neubacher represented to the Plaintiffs that Fields had been appointed a director of Metropolitan Financial Services, an affiliate of Allied Mortgage Group. Paragraph 74 alleges that Fields, "with the assistance of Neubacher" represented to Plaintiffs that FFIC/Beam had business offices in New Jersey and Washington D.C., when, in actuality according to the Complaint, FFIC/Beam in fact had wholly owned subsidiaries that were active in New Jersey and Washington D.C. In the context of the allegations of this Complaint, whether or not Fields was a "director" of Metropolitan and the technical relationship between FFIC/Beam and the offices in New Jersey and Washington cannot possibly be considered "material." The essence of the Complaint is that Fields and FFIC/Beam promised to provide financing to the Joint Venture and failed to do so; the allegations relating to that allegedly failed promise cannot support a fraud claim and the trivial factual allegations about corporate structure cannot either.

IV. **COUNT IV FAILS TO STATE A CLAIM AGAINST DEFENDANT NEUBACHER.**

Count IV of the Complaint purports to set forth a claim against Defendant Neubacher and others for "tortious interference with prospective economic advantage." This count also fails to set forth a claim upon which relief can be granted against Defendant Neubacher.

"It is generally recognized by the Illinois courts . . . that to prevail on a claim for tortious interference with a prospective economic advantage, a plaintiff must prove: (1) his reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the

8

plaintiff resulting from such interference." *In re Estate of Callahan*, 144 Ill.2d 32, 37-38, 578 N.E.2d 985 (1991).

In essence, Count IV alleges that the Plaintiffs had a "reasonable expectation of entering into a valid business relationship" with the owners of the various properties sought to be acquired by the joint venture and that some of the defendants, including Defendant Neubacher, "by their wrongful conduct purposely interfered with" that expectation.

However, the well-pleaded facts of the Complaint, including the Joint Venture Agreement attached to the Complaint, make it plain that these conclusory allegations cannot stand. The Joint Venture Agreement makes it manifest that it was the *joint venture* and not the Plaintiffs that had the "reasonable expectation" of acquiring the properties in question. If the Plaintiffs had some separate expectation to enter into a business relationship, they have not even suggested how the Defendants interfered with that expectation. Instead, the well-pleaded facts of the complaint indicate that the Plaintiffs' claim is that certain Defendants promised to provide financing to the joint venture and failed to do so. Thus, it was the joint venture's – and not the Plaintiffs' – "expectation" that failed to materialize. Thus the Plaintiffs by their own pleading have demonstrated that they had no "expectation" that could have been interfered with.

Moreover, it is a fundamental premise of Illinois law that the breach of a contractual promise cannot give rise to a tortious interference claim. "[A]s a plain matter of logic and law, just as a party cannot tortiously interfere with its own contract, likewise a party cannot tortiously interfere with the business expectancy that it created by that contract. Such an action is not a tort but a breach of contract. The tortfeasor must be a third party to the contractual or expectancy relationship. To allow such claims to be litigated would invite tort law to absorb contract law."

9

*Bass v. SMG, Inc.*, 328 Ill.App.3d 492, 504, 765 N.E.2d 1079 (1st Dist. 2002) (citations omitted). See also *Quist v. Board of Tr.*, 258 Ill.App.3d 814, 821, 629 N.E.2d 807 (3rd Dist. 1994).

Thus, while the failure to perform a promise may in fact make it difficult for the other party to the contract to fulfill its hopes and dreams, the resulting cause of action is for breach of contract, not tortious interference. In this case Defendant Neubacher is not even alleged to have breached any contract with the Plaintiffs. Accordingly, it is particularly unwarranted to charge Defendant Neubacher with tortious interference simply because *someone else* failed to live up to their alleged contractual promise.

Finally, the tortious interference claim is barred by the seminal case of *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill.2d 69, 435 N.E.2d 443 (1982) and its progeny, which hold that in Illinois "a plaintiff seeking to recover purely economic losses due to defeated expectations of a commercial bargain cannot recover in tort. . .." *Martusciello v. JDS Homes, Inc.*, 361 Ill.App.3d 568, 573, 838 N.E.2d 9 (1st Dist. 2005) (quoting *Anderson Electric, Inc. v. Ledbetter Erection Corp.*, 115 Ill.2d 146, 153, 104 Ill.Dec. 689, 503 N.E.2d 246 (1986)). Here there can be no question that the essence of Count IV is to recover for purely economic losses due to the defeated expectations of a commercial bargain. The Plaintiffs allege throughout the Complaint that Fields and FFIC/Beam had promised to provide financing and failed to do so. Nothing could be more fittingly described as the "defeated expectations of a commercial bargain." Nor does the fraud exception to the *Moorman* doctrine apply here, for the same reasons that Count II must be dismissed as to Defendant Neubacher as set forth above.

V.  **COUNT V FAILS TO STATE A CLAIM AGAINST DEFENDANT NEUBACHER.**

Count V purports to set forth a claim for "civil conspiracy" involving Defendant Neubacher and others. Count V also fails to state a claim.

"The elements of a civil conspiracy are: (1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act." *Fritz v. Johnston*, 209 Ill.2d 302, 317, 807 N.E.2d 461 (2004), citing *Adcock v. Brakegate*, Ltd., 164 Ill.2d 54, 62-63, 645 N.E.2d 888 (1994).

The allegations of this count are so sparse that it is difficult to establish just who is said to have done what in terms of this alleged conspiracy. However, once again, a fair reading of the Complaint as a whole is that the "conspiracy" consisted of making promises that certain defendants would provide financing to the joint venture and then failing to provide that financing. This describes a breach of contract, not a conspiracy.

Paragraph 106 states that the actions in furtherance of the conspiracy were the "false representations" made by Fields and Defendant Neubacher. As noted above, the Complaint however contains no allegations of actionable false representations by Defendant Neubacher and, in any event, the allegations of paragraph 106 are not in compliance with the requirements of Rule 9(b) relating to the allegations of fraud.

Additionally, as noted above with regard to the tortious interference claim, Plaintiffs are impermissibly attempting to bring a tort action based on a purely economic claim "due to defeated expectations of a commercial bargain." Accordingly, this claim is barred by the

*Moorman* doctrine discussed above. *See Martusciello*, 361 Ill.App.3d at 573. In short, the "civil conspiracy" claim is just one more fruitless attempt by the Plaintiffs here to turn a breach of contract case into a tort case.

## VI. COUNT VI FAILS TO STATE A CLAIM AGAINST DEFENDANT NEUBACHER.

Finally, Count VI of the Complaint purports to more or less present a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO"). However, Count VI utterly fails to state a claim under RICO.

Once again, the Complaint allegations are so conclusory that it is difficult to be sure exactly what is being claimed. For example, the Complaint does not specify which provisions of RICO the Plaintiffs believe have been violated here. However, a fair reading of the Complaint suggests that the Plaintiffs are attempting to set forth a claim for violation of 18 U.S.C. § 1962(c) – conduct of the affairs of an "enterprise" through a pattern of "racketeering activity" – or perhaps §1962(d) – conspiracy to violate some other provision of § 1962.

As this Court well knows, in order to set forth a claim under either sections 1962(c) or (d), the plaintiff must plead the existence of an "enterprise" which is separate from the defendants. *Haroco, Inc. v. American Nat'l Bank & Trust Co.*, 747 F.2d 384, 401-02 (7th Cir. 1984), *aff'd on other grounds*, 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985); *see also Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640 (7th Cir. 1995) (affirming dismissal of complaint for failure to adequately allege enterprise separate and distinct from the persons sought to be held liable); *Chamberlain Mfg. Corp. v. Maremont Corp.*, 919 F.Supp. 1150 (N.D.Ill. 1996) (granting summary judgment on RICO claim on grounds that a RICO person and

a RICO enterprise that were not sufficiently distinct under section 1962(c)). The Plaintiffs have not done so here. Consequently, Plaintiffs' RICO claim must be dismissed.

## CONCLUSION

WHEREFORE, Defendant Karl Neubacher prays that this Honorable Court enter an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the Complaint in this cause as to him.

Dated: March 13, 2008

Respectfully submitted,

KARL NEUBACHER

By: /s/ *Theodore J. Low*
One of his Attorneys

C. Barry Montgomery (ARDC #9145351)
Theodore J. Low (ARDC #1696491)
Williams, Montgomery & John Ltd.
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 443-3264

Document #: 767678