IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER N. KOSCH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 08 C00750 |
| v. ) | |
| ) | |
| FFIC/BEAM, INCORPORATED, ) | Judge Manning |
| a Philippine corporation, et al., ) | |
| ) | Magistrate Judge Mason |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' MOTION TO DISMISS ACTION
PURSUANT TO FRCP 41 (a) 2**

Plaintiffs, Walter N. Kosch, Walter T. Kosch, and The Sonnenschein Groupe, by and through their attorneys, Michael Lee Tinaglia, J. Molly Wretzky, and the Law Offices of Michael Lee Tinaglia, Ltd., move to dismiss the pending action pursuant to Federal Rule of Civil Procedure ("FRCP") 41(a) 2 without prejudice and without costs.

1. Plaintiffs originally filed their six count complaint in the Circuit Court of Cook County Illinois on December 19, 2007.

2. On February 4, 2008, Defendant Allied Mortgage Group, Inc ("Allied") filed its Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446. Additionally, Allied has filed its answer and affirmative defenses.

3. Defendant Neubacher filed a FRCP 12 (b) (6) motion to dismiss Counts II, IV, V and VI on March 18, 2008.

4. Defendant Slifkin also filed a FRCP 12 (b)(6) motion to dismiss.

5. Plaintiffs believe that they have stated sufficient claims upon which relief can be granted against Neubacher with respect to Counts II, IV, V and VI and against Slifkin.

6. Indeed, notice pleading under FRCP 8(a)(2) only requires the Plaintiff to allege "a short and plain statement of the claim to provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). Plaintiff need not spell out every element and can plead conclusions so long as defendants are provided minimal notice of the claim so defendants are able to understand the basis of Plaintiff's claims. *McKormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted <u>only</u> if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

7. Accordingly, Plaintiffs hold the position that if fully briefed by the parties and decided by the Court, Neubacher and Slifkin's motions to dismiss would be denied.

8. Alternatively, looking at the Complaint in a light favorable to Defendants, it is possible that a motion for a more definite statement under FRCP 12(e) may lie, but not a FRCP 12(b)(6) motion to dismiss.

9. Notwithstanding the foregoing, Plaintiffs have determined for completely unrelated business reasons that it is in their interest at present to dismiss the Complaint against all defendants pursuant to FRCP 41 (a)(2) without prejudice and without costs.

10. Plaintiffs' make the instant motion in lieu of responding to the two pending FRCP 12 (b)(6) motions to dismiss.

Wherefore, Plaintiffs pray that this Court grant their motion to dismiss the complaint against all defendants pursuant to FRCP 41 (a)(2) without prejudice and without costs.

Dated: April 11, 2008

                                SONNENSCHEIN GROUPE, WALTER N.
                                KOSCH and WALTER T. KOSCH,
                                Plaintiffs,


                                By:  s/Michael Lee Tinaglia/
                                      One of Their Attorneys

Michael Lee Tinaglia
J. Molly Wretzky
Law Offices of Michael Lee Tinaglia, Ltd.
9700 W. Higgins Road - Suite 1015
Rosemont, Illinois 60018
(847) 692-0421 (847) 685-8440 Fax
ARDC No.2835886
Cook County No.22869
mltinaglia@tinaglialaw.com