IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER N. KOSCH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 08 C00750 |
| v. | ) | |
| | ) | |
| FFIC/BEAM, INCORPORATED, | ) | Judge Manning |
| a Philippine corporation, et al., | ) | |
| | ) | Magistrate Judge Mason |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR VOLUNTARY DISMISSAL
PURSUANT TO FRCP 41 (a) 2**

Plaintiffs, Walter N. Kosch, Walter T. Kosch, and The Sonnenschein Groupe, by and through their attorneys, Michael Lee Tinaglia, J. Molly Wretzky, and the Law Offices of Michael Lee Tinaglia, Ltd., REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO FRCP 41(a) 2 as follows:

1. Plaintiffs originally filed their complaint in the Circuit Court of Cook County Illinois on December 19, 2007. One defendant, Allied Mortgage Group, Inc ("Allied"), removed the action to the U.S. District Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.

2. On March 18, 2008, Defendant, Neubacher filed a FRCP 12 (b) (6) motion to dismiss Counts II, IV, V and VI. Shortly thereafter, Defendant Slifkin also filed a FRCP 12 (b)(6) motion to dismiss. Both of the foregoing FRCP motions have been denied as moot by this Court.

1

3. On April 11, 2008, Plaintiffs' filed their Motion for Voluntary Dismissal Without Prejudice, pursuant to FRCP 41 (a) (2). FRCP 41 (a) (2) provides:

(a) Voluntary Dismissal.

(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

4. On May 1, 2008, the Court granted Plaintiffs' Motion for Voluntary Dismissal without prejudice and without costs as to all Defendants except Slifkin and Neubacher. Slifkin and Neubacher opposed the motion and this Court set a briefing schedule allowing them an opportunity to file a joint response in opposition to Plaintiffs' Motion for Voluntary Dismissal Without Prejudice.

5. In their Joint Response, Slifkin and Neubacher, state that they have no objection to the dismissal of the case as to them, but argue that the dismissal should be with prejudice thereby barring Plaintiffs from re-asserting their claims at a future time. *See* Joint Response of Defendants Karl Neubacher and Timothy Slifkin, para. 6.

6. Other than the prospect of defending the action in the future, Slifkin and Neubacher offer no legitimate reason for the dismissal to be with prejudice.

7. Voluntary dismissal, without prejudice, should be allowed unless the defendant will suffer some plain legal prejudice beyond the mere prospect of a second law suit. See e.g., *United States v. Outboard Marine Corp.*, 104 F.R.D. 405, 409 (N.D. Ill. 1984) citing *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir.1971).

8.      Defendants Slifkin and Neubacher have failed to establish that they will "suffer some plain legal prejudice beyond the mere prospect of a second law suit." Indeed, their only argument is that Plaintiffs' complaint is "manifestly without merit." Drawing upon their respective FRCP 12(b)(6) motions, Slifkin and Neubacher argue that Plaintiffs' cannot state claims against these two defendants.

9.      The arguments asserted by Defendants in their respective FRCP 12(b)(6) motions and the similar arguments contained in their Joint Response to Plaintiffs' Motion for Voluntary Dismissal are themselves without merit.

10.     Notwithstanding Defendants' claims to the contrary, notice pleading under FRCP 8(a)(2) only requires the Plaintiff to allege "a short and plain statement of the claim to provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). Plaintiff need not spell out every element and can plead conclusions so long as defendants are provided minimal notice of the claim so defendants are able to understand the basis of Plaintiff's claims. *McKormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted <u>only</u> if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

11.     There is no question that Plaintiffs' complaint meets the pleading requirement mandated by the Federal Rules of Civil Procedure. Stated another way, Plaintiffs have stated sufficient claims upon which relief can be granted against

Neubacher and against Slifkin. Accordingly, the claim of these defendants that the complaint should be dismissed with prejudice has no support under the law and is without merit.

12. Even if Neubacher and Slifkin were successful in convincing this Court that a FRCP 12 (b) (6) motion to dismiss should be granted, the Court most certainly would allow Plaintiffs the opportunity to file an amended Complaint.

13. In these circumstances, a dismissal with prejudice would be unduly harsh and an "improper" and unwarranted "term" of dismissal under FRCP 41 (a)(2). A with-prejudice dismissal would constitute a final judgment for res judicata and bar Plaintiffs from later bringing the claim against the immediate parties. See *Perry v. Tarry*, 1997 U.S. Dist. LEXIS 23837 (N.D. Ill. 1997).

14. In summary, because Slifkin and Neubacher have failed to articulate any real prejudice to themselves which would result from a voluntary dismissal without prejudice, Plaintiffs motion for voluntary dismissal without prejudice should be granted. As previously stated, the prospect of defending a refiled or second lawsuit is not a valid basis for the dismissal with prejudice that the Defendants seek. Indeed, such a course would only result in unwarranted prejudice to the Plaintiffs.

WHEREFORE, Plaintiffs Walter T. Kosch, Walter N. Kosch and the Sonnenschein Groupe respectfully ask this Court to grant their Motion for Voluntary Dismiss Without Prejudice pursuant to Federal Rule of Civil Procedure Rule 41(a) 2.

Dated: May 15, 2008

        Respectfully submitted,

        SONNENSCHEIN GROUPE, WALTER N.
        KOSCH and WALTER T. KOSCH,
        Plaintiffs,

        By: s/Michael Lee Tinaglia/
            One of Their Attorneys

Michael Lee Tinaglia
J. Molly Wretzky
Law Offices of Michael Lee Tinaglia, Ltd.
9700 W. Higgins Road - Suite 1015
Rosemont, Illinois 60018
(847) 692-0421 (847) 685-8440 Fax
ARDC No.2835886
Cook County No.22869
mltinaglia@tinaglialaw.com