# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 750 | **DATE** | June 12, 2008 |
| **CASE TITLE** | *Kosch v. FFIC/BEAM, Inc.* | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion to dismiss without prejudice and without costs [32-1] is granted. The clerk is directed to terminate this case from the court's docket.

■[ For further details see text below.]    Docketing to mail notices.

00:00

## STATEMENT

In response to motions to dismiss filed by defendants Karl Neubacher and Timothy Slifkin, plaintiffs Walter N. Kosch, Walter T. Kosch and The Sonnenschein Groupe filed a motion under Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss their complaint, without prejudice and without costs.

During presentment of the motion, counsel for defendants Neubacher and Slifkin objected to the motion, and argued that any dismissal should be with prejudice because the complaint failed to state a claim (the basis of the motions to dismiss) and because of the inconvenience this case has caused the defendants thus far. The court allowed counsel an opportunity to respond to the motion in order to further develop his argument.

However, the defendants' response merely repeats counsel's cursory argument that the complaint should be dismissed with prejudice. It is unsupported by any citation to authority.

A voluntary dismissal is normally a dismissal without prejudice. *See* Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). To prevent a dismissal without prejudice, a defendant must identify a "plain legal prejudice." *See Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007). In evaluating whether plain legal prejudice exists, the court must balance the following factors: the defendant's effort and expense of preparing for trial; excessive delay and lack of due diligence by the plaintiff; insufficient explanation for the need to take a dismissal; and whether the defendant has filed a motion for summary judgment. *See United States v. Outboard Marine* Corp., 789 F.2d 497, 502 (7th Cir. 1986). The prospect of a second lawsuit is not a plain legal prejudice. *See United States v. Outboard Marine Corp.*, 104 F.R.D. 405, 409 (N.D. Ill. 1984).

Counsel's brief wholly failed to acknowledge the proper legal standard set out above, and makes no attempt to argue that the plaintiffs will suffer a plain legal prejudice or to cite any authority that would support such an argument. Accordingly, the argument is forfeited. *See Hardrick v. City of Bolingbrook*, 522 F.3d 758, 762

**STATEMENT**

(7th Cir. 2008) (arguments that are undeveloped or unsupported by citations to authority are forfeited).

Moreover, this case is still at an extremely early stage of litigation. Presumably the parties have expended little effort and expense to date and the case has not proceeded to the summary judgment stage. The relevant factors therefore favor granting the motion for dismissal without prejudice.

Accordingly, the motion to dismiss without prejudice and without costs is granted

rs/cpb